# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**WEST VIRGINIA DEPARTMENT OF TRANSPORTATION DIVISION OF HIGHWAYS**
**Respondent Below, Petitioner**

**FILED**
**September 5, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 22-ICA-197**       (Grievance Bd. No. 2022-0365-DOT)

**AMANDA NICOLE JUSTUS**
**Grievant Below, Respondent**

## MEMORANDUM DECISION

Petitioner West Virginia Department of Transportation, Division of Highways ("Division of Highways") appeals the September 27, 2022, decision of the West Virginia Public Employees Grievance Board ("Grievance Board"). Respondent Amanda Nicole Justus timely filed her response.[1] The Division of Highways did not file a reply. The issue on appeal is whether the Grievance Board erred in granting Ms. Justus' grievance based on her termination following a positive drug test.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Grievance Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Justus was employed by the Division of Highways as a Transportation 1 Craft Worker for eleven years. Ms. Justus broke her ankle while at work on or around September 17, 2020, after which she had to take approximately nine months off from work on workers' compensation leave. Ms. Justus was required to submit to drug testing before returning to her position. At the drug test on June 16, 2021, Ms. Justus did not provide an adequate urine sample, which the Medical Review Officer ("MRO"), Kirk Roberts, M.D., considered a refusal to test. Ms. Justus purportedly dropped her first sample and did not produce a second. The Division of Highways did not attempt to retest, and a refusal to test is considered to be a positive test. After the unsuccessful drug test, the Division of Highways suspended Ms. Justus for at least five working days beginning June 17, 2021, and referred her to a substance abuse professional ("SAP").

---

[1] The Division of Highways is represented by Jack E. Clark, Esq. Ms. Justus is self-represented.

1

Ms. Justus did not file a grievance regarding her suspension. After completing the SAP program with Frank Masters, M.D., Ms. Justus was scheduled to return to work. By letter dated July 16, 2021, Dr. Masters notified Gordon Cook, the Coordinator for Drug and Alcohol Testing for the Division of Highways, that Ms. Justus had attended all of her sessions, met her treatment plan goals, and complied with SAP recommendations. Ms. Justus then completed a series of follow up drug tests, the last of which on October 5, 2021, indicated the presence of cocaine in her sample. The dates of the follow-up testing prior to October 5, 2021, are unknown, but it is undisputed that Ms. Justus provided a negative sample for all tests occurring before October 5, 2021. The MRO, Brian Heinen, M.D., verified the drug test results on October 19, 2021, and reported the results to Mr. Cook. Ms. Justus was terminated on October 19, 2021, by a letter stating that she was dismissed for violation of the West Virginia Department of Transportation Drug and Alcohol Testing Policy in that her urine sample was positive for cocaine.

On October 27, 2021, Ms. Justus filed a grievance based on her termination, asserting that she did not use cocaine, that the test results were incorrect, and that she was refused a hair follicle test to confirm the accuracy of the initial drug test. Ms. Justus requested reinstatement with the Division of Highways and reimbursement for all out-of-pocket expenses resulting from the grievance. On October 27, 2021, Ms. Justus had her own drug test performed, the results of which were negative for the presence of drugs.

On June 7, 2022, and June 30, 2022, level three hearings were held before the Grievance Board in this matter. Ms. Justus testified that she did not refuse the June 16, 2021, drug test, but that she accidentally dropped her sample and was unable to produce another. Ms. Justus further stated that she did not have cocaine in her system on the day of the October 5, 2021, follow-up test, and adamantly denied that she would put her job at risk to do drugs.[2] Mr. Cook testified that all Division of Highways employees receive the Notification and Consent Entry into Drug and Alcohol Testing form at the time of hire, which states that employees will be drug and alcohol tested for marijuana, cocaine, opioids, amphetamines, and PCP. The Drug and Alcohol Testing form also provides that all employees consent to a urine test, and all employees sign a form acknowledging that they have received the policy and are aware of its contents.

On September 27, 2022, the Grievance Board issued its written decision. In its decision, the Grievance Board granted Ms. Justus' grievance, finding that Ms. Justus did not refuse the June 16, 2021, drug test, that she had accidentally dropped her initial sample, and that there was not an attempt to retest. Based on this evidence, the ALJ found that the Division of Highways did not meet its burden of proving that Ms. Justus' October 5, 2021, drug test was positive for the presence of cocaine and ordered that she be reinstated to her position of Transportation 1 Craft Worker, that all benefits lost be restored, and that the

_____

[2] This Court notes that there are disputed facts in the record regarding the October 5, 2021, drug test that could have been better developed below.

Division of Highways remove all references of disciplinary action from its records. It is from this decision that the Division of Highways now appeals.

Our standard of review for a contested case from the Grievance Board is as follows:

> A party may appeal the decision of the administrative law judge on the grounds that the decision:
> (1) Is contrary to law or a lawfully adopted rule or written policy of the employer;
> (2) Exceeds the administrative law judge's statutory authority;
> (3) Is the result of fraud or deceit;
> (4) Is clearly wrong in the view of the reliable, probative, and substantial evidence on the whole record; or
> (5) Is arbitrary and capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 6C-2-5 (b) (2007); *accord* W. Va. Code § 29A-5-4(g) (2021) (specifying the standard for appellate review of an administrative appeal). Further,

> The 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume the agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis.

Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). *see also* Syl. Pt. 1, in part, *In re Tiffany Marie S.*, 196 W. Va. 223, 470 S.E.2d 177 (1996) (on appeal, a court may not overturn a finding simply because it would have decided a case differently); Syl. Pt. 1, *Francis O. Day Co., Inc., v. Dir. Div. of Env't Prot.*, 191 W. Va. 134, 443 S.E.2d 602 (1994) (evidentiary findings should not be reversed unless clearly wrong).

On appeal, the Division of Highways advances two primary arguments. First, the Division of Highways argues that it proved by a preponderance of the evidence that Ms. Justus violated its Drug and Alcohol Testing Policy and engaged in prohibited conduct by failing a mandated follow-up drug test. Second, the Division of Highways argues that the Grievance Board committed clear error when it granted Ms. Justus' grievance.

West Virginia Code of State Regulations § 156-1-3 (2019) states that the burden of proof in disciplinary matters rests with the employer to prove by a preponderance of the evidence that the disciplinary action taken was justified. Regarding the issue of drug testing, West Virginia Code § 21-3e-7 (2017) provides that "[i]n the event a person desires to challenge the results of his or her initial sample test result, that person shall have the right to a split sample tested by another laboratory." Further, the Department of

Transportation's Substance Abuse Policy 3.15 Section 9.1 (E), which covers all Department of Highways employees, states, in part, that:

> If the test result of the primary sample is positive, the employee may request the secondary sample be analyzed at a different certified laboratory for the presence of the drug(s) initially certified as positive by the MRO. . . . The employee will be allowed 72 hours from the time of the positive test notification to request that the second analysis be conducted.

The record in this matter demonstrates that Ms. Justus' October 5, 2021, drug test was not verified until October 19, 2021, meaning that it was not possible for her to have her second sample analyzed, as it was no longer viable.[3] The Division of Highways did not contact Ms. Justus within seventy-two hours of her test to determine if she had any medical conditions that could have triggered the positive test or to inform her of the results so that she could ask for a second test. Ms. Justus completed treatment with the SAP as directed by the Division of Highways, and vehemently denied any drug use throughout the proceedings below and on appeal. Further, the test that she took of her own accord on October 27, 2021, was negative. Thus, the record supports the ALJ's conclusion that the Division of Highways' termination of Ms. Justus was not justified.

Next, we turn to the Division of Highways' argument that the Grievance Board committed clear error in granting Ms. Justus' grievance. It is not our domain to replace the administrative law judge's factual findings with the conclusions that this Court might have reached had it served as a fact-finding body. The Supreme Court of Appeals of West Virginia has stated that "[t]he clearly erroneous standard does not entitle a reviewing court to reverse the finder of fact simply because it may have decided the case differently. . . [i]ndeed, if the lower tribunal's conclusion is plausible when viewing the evidence in its entirety, the appellate court may not reverse even if it would have weighed the evidence differently[.]" *Board of Educ. of Cnty. of Mercer v. Wirt*, 192 W. Va. 568, 578-79, 453 S.E.2d 402, 412-13 (1994) (citing *Anderson v. Bessemer City*, 470 U.S. 564, 573, 105 S. Ct. 1504, 1511, 84 L.E.2d 518, 528 (1985)) (footnotes omitted). As the Supreme Court of Appeals stated in Syllabus Point 1 of *Cahill v. Mercer Cnty. Bd. of Educ.*, 208 W. Va. 177, 539 S.E.2d 437 (2000):

> Grievance rulings involve a combination of both deferential and plenary review. Since a reviewing court is obligated to give deference to factual findings rendered by an administrative law judge. . . [c]redibility determinations made by an administrative law judge are similarly entitled to deference. Plenary review is conducted as to the conclusions of law and application of law to the facts, which are reviewed de novo.

---

[3] This Court notes that the record in this case contains several conflicting facts and could have been better developed below for clarity upon review.

208 W. Va. at 177-78, 539 S.E.2d at 437-38.

Upon review of the record, we conclude that the Grievance Board was not clearly wrong in granting Ms. Justus' grievance. There is substantial evidence in the record to support the conclusion that the Division of Highways did not meet its burden of proving by a preponderance of the evidence that Ms. Justus violated the Division of Highways Policy 3.15. Therefore, the arguments advanced by the Division of Highways fail as a matter of law.

Accordingly, we find that the Grievance Board's decision to grant Ms. Justus' grievance is supported by substantial evidence and must be accorded deference as a matter of law. Therefore, we affirm the September 27, 2022, decision of the Grievance Board.

Affirmed.

**ISSUED:** September 5, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen